UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KARIO D. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTINE E. WORMUTH,<br><br>        Defendant. | Case No. 5:22-cv-00630-EJD<br><br>**ORDER STRIKING THIRD AMENDED COMPLAINT; GRANTING MOTION TO DISMISS OR TRANSFER**<br><br>Re: ECF Nos. 29, 42 |

Plaintiff Kario D. Harris, proceeding pro se, filed suit against Defendant Christine E. Wormuth in her official capacity as Secretary of the U.S. Army, alleging claims under Title VII and 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss or, in the alternative, motion to transfer. Additionally, Plaintiff filed his Third Amended Complaint without leave, and the Court ordered Plaintiff to show cause why it should not strike the Third Amended Complaint; Plaintiff's response to the order to show cause is now also before the Court. For the reasons that follow, the Court STRIKES the Third Amended Complaint, GRANTS Defendant's motion, and ORDERS this action to be transferred to the Eastern District of Virginia.

**I.      REQUEST FOR JUDICIAL NOTICE**

Defendant seeks judicial notice of two documents from the Equal Employment Opportunity Commission ("EEOC") attached to the Declaration of Derrick T. Robinson ("Robinson Decl.") at ECF No. 29-1. *See* Req. for Judicial Notice, ECF No. 30. In particular, she seeks notice of (1) the EEOC Decision and Order resolving Plaintiff's administrative complaints (Robinson Decl., Ex. 1, ECF No. 29-2), and (2) the EEOC Appellate Decision affirming the EEOC Decision and Order (Robinson Decl., Ex. 2, ECF No. 29-3). Defendant also seeks judicial

Case No.: 5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER

1

notice of the fact that the U.S. Army Garrison Yongsan ("USAG Yongsan") is located within the Republic of Korea.  Req. for Judicial Notice at 2.

Courts may take notice of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Documents from EEOC administrative records are the proper subject of judicial notice, so the Court GRANTS Defendant's request as to the two EEOC documents.  *Wyatt v. City of Burlingame*, No. 16-cv-02681-DMR, 2017 WL 565303, at *1 (N.D. Cal. Feb. 13, 2017).  However, the Court does not accept as true any descriptions of the events underlying the EEOC's decision, as "a court cannot take judicial notice of disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  The Court also GRANTS Defendant's request as to the fact that USAG Yongsan is located in Korea since such fact can readily be determined from the U.S. Army's website.  *USAG Yongsan-Casey: Visitor Information*, U.S. Army, https://home.army.mil/yongsan/index.php/about/visitor-information (last visited June 6, 2023); *see also* Robinson Decl. ¶¶ 3–5.

## II.  BACKGROUND[1]

Plaintiff is an individual who currently resides in Moffett Field, California and who was previously employed by the U.S. Army at USAG Yongsan in the Republic of Korea.  Second Am. Compl. ("SAC") ¶ 3; Robinson Decl. ¶ 5.

In April 2016, while at USAG Yongsan, Plaintiff became involved in a conflict with one of his peers, Paul Luntumbuez.  EEOC Decision and Order at 2–3.  Purportedly, Plaintiff questioned Luntumbuez's expertise on a human resources issue, and Luntumbuez responded by accusing Plaintiff of prohibited personnel practices.  *Id.* at 2, 6.  Luntumbuez then called Plaintiff a liar, ignorant, and childish, and told Plaintiff to "be MAN enough to admit [his] ignorance."  *Id.*

---

[1] The Second Amended Complaint offers little background on the events underlying Plaintiff's claims, so the Court turns to the judicially noticed EEOC documents for background.  In doing so, the Court reiterates that it does not accept those documents' accounts of the underlying events as true.

Case No.:  5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER
2

1   (alteration in original).  The conflict continued to escalate, with Luntumbuez allegedly telling their
2   superior that Plaintiff was sexually and non-sexually harassing other employees.  *Id.* at 3.
3   Afterwards, Plaintiff claimed that Luntumbuez "attempted to impose his culture on [Plaintiff] by
4   shaking hands" and that he accused Plaintiff of personal attacks.  *Id.*  On July 6, 2016, Plaintiff
5   filed a complaint with the EEOC based on these events and alleging discrimination based on race
6   and color.  EEOC Appellate Decision at 1.

7   Later, on May 2, 2018, Plaintiff received the Commander's Award for Civilian Service as
8   his Permanent Change of Station award.  EEOC Decision and Order at 7.  According to Plaintiff,
9   this was a downgrade and a result of retaliation.  *Id.*  Specifically, Plaintiff contends his superior
10  retaliated against him for reporting alleged fraud—namely, for reporting that Luntumbuez was at
11  USAG Yongsan on two occasions when he should have been in California.  *Id.*; SAC ¶ 21.  On
12  July 19, 2018, Plaintiff filed a second complaint with the EEOC on the basis of this downgrade
13  decision, alleging reprisal for protected activity and discrimination based on race.  EEOC
14  Appellate Decision at 2.

15  The EEOC granted judgment in favor of the U.S. Army on November 25, 2019.  EEOC
16  Decision and Order at 8–9.  Plaintiff appealed, and the EEOC affirmed on March 16, 2021.  EEOC
17  Appellate Decision at 3, 5.  Plaintiff then filed suit in this Court on January 31, 2022.  Compl.,
18  ECF No. 1.  On September 27, 2022, Plaintiff filed the operative Second Amended Complaint,
19  and Defendant filed its motion to dismiss or transfer on October 21, 2022.  Mot. to Dismiss or
20  Mot. to Transfer ("Mot."), ECF No. 29.  After completion of briefing, the Court took the motion
21  under submission without oral argument on January 12, 2023.  ECF No. 36.  On May 25, 2023,
22  Plaintiff filed a Third Amended Complaint without leave of court.  ECF No. 41.  The Court issued
23  an order to show cause why it should not strike the Third Amended Complaint, ECF No. 42, and
24  Plaintiff responded the next day.  Resp. to Order to Show Cause ("OSC Resp."), ECF No. 43.

25  **III.   RESPONSE TO ORDER TO SHOW CAUSE**

26  In his response to the Court's order to show cause, Plaintiff belatedly sought leave to
27  amend and explained that he filed the Third Amended Complaint to update the Court on recent
28

Case No.: 5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER
3

1  developments that Defendant refused to include in the parties' joint case management statement.
2  OSC Resp. at 2.
3        Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a
4  matter under only certain circumstances—as relevant here, within 21 days after service of
5  Defendant's motion under Rule 12(b).  Fed. R. Civ. P. 15(a).  Otherwise, that party may only
6  amend with the opposing party's consent or leave of court.  *Id.*  Defendant did not agree to
7  amendment, and the Court also determines that amendment is not appropriate at this time.
8  Defendant's motion to dismiss or transfer has been under submission for several months, and to
9  allow Plaintiff to amend the complaint now would require Defendant to file a new motion and
10 further delay resolution of the issue of venue.  Plaintiff's desire to include updated developments
11 in the complaint do not justify those delays.  In the interest of moving this action forward, the
12 Court therefore STRIKES the Third Amended Complaint without prejudice to Plaintiff's ability to
13 seek leave to amend in the future.

### IV.   MOTION TO DISMISS OR MOTION TO TRANSFER

#### A.   Legal Standard

A party may challenge venue under Federal Rule of Civil Procedure 12(b)(3).  In facing such a challenge, the plaintiff bears the burden of showing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  On a challenge to venue under Rule 12(b)(3), the Court need not accept the allegations in the complaint as true and may consider evidence outside the pleadings, but it must draw all reasonable inferences and resolve factual conflicts in the plaintiff's favor. *Kantharia v. USCIS*, --- F. Supp. 3d ----, 2023 WL 3444070, at *1 (C.D. Cal. May 12, 2023) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137–38 (9th Cir. 2004)).

#### B.   Discussion

Defendant seeks to dismiss this action or transfer it to the Eastern District of Virginia on the grounds that venue is improper in the Northern District of California.  Although venue is generally governed by 28 U.S.C. § 1391, claims under Title VII are subject to the special venue

provision of 42 U.S.C. § 2000e-5(f)(3).  *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991).  Section 1983 does not have a comparable special venue provision, but district courts in this circuit have concluded that "when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls" all claims joined in the action.  *Enoh v. Hewlett Packard Enter. Co.*, No. 17-cv-04212-BLF, 2018 WL 3377547, at *7 (N.D. Cal. July 11, 2018) (quoting *Walker v. U.S. Dep't of Commerce*, No. 1:11-cv-01195 AWI, 2012 WL 1424495, at *8 (E.D. Cal. Apr. 24, 2012)).  Accordingly, the Court applies § 2000e-5(f)(3) to all claims in this action.

Under the Title VII venue provision, venue lies (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  If the respondent is not found in any such district, then an action may be brought in "the judicial district in which the respondent has his principal office."  *Id.*  The Court addresses each prong of the venue provision in turn.

First, the Court finds that the unlawful employment practices challenged here were not alleged to have been committed in this District.  The complaint makes clear that the relevant events occurred while Plaintiff was stationed at USAG Yongsan in Korea.  SAC ¶¶ 21, 23, 25–28; *see also* Robinson Decl. ¶¶ 5, 9.  The few connections with California that Plaintiff identifies are insufficient to establish venue.  For example, Plaintiff points to unspecified "recent events, denials and omissions directed against [him]" since August 2021, when he began residing in Santa Clara, California.  SAC ¶ 28; *see also* Opp'n to Mot. ("Opp'n") ¶ 4, ECF No. 31.[2]  According to him, these events included interviews with U.S. Army agents and attorneys regarding a report of

---

[2] In opposition, Plaintiff asserts that these "recent events" began in August 2020 rather than August 2021.  This contradiction does not change the Court's analysis, which remains the same for either date.

Case No.: 5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER
5

1  criminal fraud. Opp'n ¶ 4. It is not clear what report Plaintiff is referring to, but even if the Court
2  were to draw all inferences in his favor by assuming that he is referencing his 2018 report
3  regarding Luntumbuez, SAC ¶ 21, these contacts are not enough to establish venue. Plaintiff's
4  alleged participation in such interviews clearly post-dates the relevant events underlying his
5  claims, the latest of which occurred in 2018. Consequently, these more recent events are not part
6  of the challenged employment practices and thus cannot be a basis for venue. Nor does the fact
7  that EEOC proceedings occurred in Los Angeles, California support venue in this District, because
8  the location of administrative proceedings has no bearing on the location where the alleged
9  unlawful employment practices took place. SAC ¶ 28; *Kim v. McHugh*, No. 13-00616 JMS-KSC,
10 2014 WL 1580614, at *2 (D. Haw. Apr. 18, 2014) ("[C]ourts have firmly rejected the argument
11 that the location where Plaintiff's EEO complaints were initiated and processed provides a basis
12 for venue under . . . § 2000e5(f)(3).") (internal quotations and citation omitted). Accordingly,
13 venue in this District is not proper under the first prong.
14     Second, the relevant employment records are not located in this District. Instead, they are
15 maintained and administered in Korea. Robinson Decl. ¶¶ 12–13. Plaintiff disputes this fact,
16 asserting that "[t]he EEOC confirmed their records are maintained/stored . . . using three separate
17 sight locations." Opp'n ¶ 3. However, this argument fails for several reasons. At the outset, the
18 second prong of Title VII's venue provision focuses on where the relevant *employment* records are
19 located, not where the *EEOC* records are located. Moreover, Plaintiff provides no evidence to
20 substantiation his contention. Even if Plaintiff had supported his contention with evidence and
21 was referring to his employment records rather than EEOC records, he still would not have met his
22 burden to show venue is proper; the argument that the records are stored in three unidentified
23 locations does not demonstrate that this District is one of those locations. Plaintiff also argues that
24 the location of the records is immaterial because they are stored virtually and may easily be
25 accessed anywhere. *Id.* While he may be correct that, as a matter of convenience, the location of
26 the relevant employment records is immaterial, § 2000e-5(f)(3) does not take convenience into
27 account. It is the actual location of the records that matters, regardless of how easy it would be to
28

Case No.: 5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER
6

access those records elsewhere. Thus, venue is not proper in this District under the second prong.

Third, there is no indication that Plaintiff would have worked in this District but for the alleged unlawful employment practices. Plaintiff does not seriously contest this point, so the Court concludes that venue does not lie in this District under the third prong.

Finally, the fourth category does not support venue in this District either. None of the first three categories provide for venue in the United States because all point to Korea. As such, venue would be proper where the U.S. Army maintains its principal office. That location is Arlington, Virginia, Robinson Decl. ¶ 14, which is located in the Eastern District of Virginia, not this District.

In sum, the Court finds that the only district where venue would be proper is the Eastern District of Virginia.³ The only issue that remains, then, is the question of whether the Court should dismiss or transfer this action. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (observing that courts have discretion in determining whether to transfer or dismiss an action for improper venue). Here, upon consideration of the circumstances of this action, the Court concludes that it is in the interest of justice to transfer this action to the Eastern District of Virginia.⁴

## V. CONCLUSION

The Court GRANTS Defendant's motion and ORDERS this action to be transferred to the Eastern District of Virginia. The Court also STRIKES Plaintiff's Third Amended Complaint

---

³ Plaintiff attached several exhibits to his opposition, ECF Nos. 32, 32-1, to which Defendant objects. Reply in Support of Mot. at 4 n.3, ECF No. 33. The Court does not resolve those objections, though, because the exhibits do not support venue in this District. As a result, even if the Court were to consider Plaintiff's exhibits, its venue analysis would not change.

Plaintiff also filed a sur-reply, ECF No. 34, that Defendant objects to as improper. ECF No. 35. The Court does not consider the sur-reply.

⁴ Because the Court found venue to be improper and transfer to be warranted under § 1406(a), it does not reach Defendant's arguments under 28 U.S.C. § 1404.

Case No.: 5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER
7

without prejudice to Plaintiff's ability to move for leave to amend in the transferee court.

**IT IS SO ORDERED.**

Dated: June 6, 2023

                                                 EDWARD J. DAVILA
                                                 United States District Judge

Case No.: 5:22-cv-00630-EJD
ORDER STRIKING THIRD AM. COMPL.;GRANTING MOT. TO DISMISS OR TRANSFER
8